Louis Pechman
Roberto Concepción, Jr.
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@bwp-law.com
concepcion@bwp-law.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

STEVEN IMMARIGEON,

    Plaintiff,

  -against-

MPI INCORPORATED and BRUCE PHIPPS,

    Defendants.

----------------------------------------------------------X

JUDGE BRICCETTI

**14 CV 7335**

**COMPLAINT**

**ECF CASE**

  Plaintiff Steven Immarigeon ("plaintiff" or "Immarigeon"), by his attorneys Berke-Weiss & Pechman LLP, complaining of defendants MPI Incorporated ("MPI") and Bruce Phipps (collectively referred to herein as "defendants"), alleges:

## NATURE OF THE ACTION

  1. This action arises out of defendants' failure to pay overtime pay as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL").

  2. Defendants have systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks compensation for unpaid overtime pay, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as MPI is located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

5.      Immarigeon resides in Connecticut. Immarigeon worked as a field service technician at MPI from approximately April 2006 until his termination on or about August 15, 2014.

6.      At all times relevant to this action, plaintiff was an employee engaged in commerce or the production of goods for commerce on behalf of defendants.

**Defendants**

7.      MPI Incorporated is a New York corporation that owns and operates MPI, located at 165 Smith Street, Poughkeepsie, New York 12601. According to its website, "MPI is the worldwide leader in wax-room equipment and has been involved in the investment casting industry since 1972."

8.      MPI Incorporated is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. MPI Incorporated has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

9. Defendant Bruce Phipps is an owner of MPI, and is sued individually in his capacity as an owner, officer and/or agent of MPI. He exercises sufficient control over MPI's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, and established and exercised authority regarding the pay practices at MPI.

### DEFENDANTS' FAILURE TO PAY OVERTIME FOR HOURS WORKED OVER FORTY

10. The FLSA and NYLL require that employers pay employees one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

11. Plaintiff is a non-exempt employee under the FLSA and NYLL.

12. Plaintiff regularly worked over forty hours per week but did not receive overtime pay.

13. From the beginning of his employment until approximately August 16, 2011, plaintiff was paid a fixed weekly salary for all hours worked.

14. In or around 2008, plaintiff received a salary of $1,154.42 per week for all hours worked.

15. Plaintiff received gradual raises throughout his employment such that, in or around 2010 and until May 2011, he received a salary of $1,250.00 per week for all hours worked.

16. From approximately May 2011 to August 2011, plaintiff received a salary of $1,269.23 per week for all hours worked.

17. During this period that plaintiff received a fixed weekly salary for all hours worked, plaintiff regularly worked approximately fifty hours per week.

3

18. During this period that plaintiff received a fixed weekly salary for all hours worked, plaintiff was not required to keep track of his hours worked.

19. On or around August 16, 2011, defendants issued a Non-Exempt Salary Employee Compensation Plan ("the Plan"), describing how defendants would pay plaintiff.

20. Under the Plan, for those weeks in which plaintiff worked more than forty hours but less than sixty hours, plaintiff was entitled to additional compensation of one-half time for those hours over forty. For those weeks in which plaintiff worked more than sixty hours, plaintiff was entitled to additional compensation of three-fourths time for those hours over sixty.

21. The Plan also provided that non-exempt salaried employees could receive compensated time off in lieu of overtime pay. Specifically, the Plan provided that "Overtime Payment **may be exchanged** for comp time." (emphasis in original).

22. On or around April 18, 2013, plaintiff was issued an employee handbook for non-exempt salaried employees.

23. Pursuant to the "Overtime" policy of the employee handbook, for those weeks in which plaintiff worked more than forty hours but less than sixty hours, plaintiff was entitled to additional compensation of one-half time for those hours over forty. Also pursuant to the "Overtime" policy, for those weeks in which plaintiff worked more than sixty hours, plaintiff was entitled to receive three-fourths time for those hours over sixty.

24. Subsequent to approximately August 16, 2011, plaintiff was required to fill out weekly time sheets, known as the MPI – Field Service Technician Weekly Hour Reporting Form ("the Form"), and submit them to his supervisor, Michael Couey.

25. Upon information and belief, defendants have maintained these time sheets.

26. After approximately August 16, 2011, despite the Plan and the "Overtime" policy of the employee handbook, plaintiff was paid the same hourly rate for all hours worked.

27. From approximately August 2011 to approximately March 2012, plaintiff received $31.74 per hour, for all hours worked, including those over forty.

28. From approximately March 2012 to approximately March 2013, plaintiff received $32.53 per hour, for all hours worked, including those over forty.

29. From approximately March 2013 to approximately March 2014, plaintiff received $33.08 per hour, for all hours worked, including those over forty.

30. From approximately March 2014 to August 2014, plaintiff received $33.50 per hour, for all hours worked, including those over forty.

31. After approximately August 16, 2011, plaintiff's work schedule varied every week, but he regularly worked between forty and eighty hours per week.

32. For example, for the week ending July 26, 2014, plaintiff worked fifty-six hours.

33. For the week ending August 2, 2014, plaintiff worked fifty-eight and one-half hours.

34. For the week ending August 9, 2014, plaintiff worked sixty-eight hours.

### TIME SHAVING AT MPI

35. After August 16, 2011, regardless of the hours worked over forty by plaintiff, defendants paid him for less than the hours he actually worked, and paid him at his regular rate of pay, including for those hours over forty in a workweek.

36.     Rather than pay plaintiff for his actual hours worked, defendants paid plaintiff for a different number of hours, based on defendants' calculations that are part of the Form plaintiff was required to submit.

37.     For example, for the week ending August 9, 2014, plaintiff worked a total of sixty-eight hours, yet defendants calculated his "Total hours used for Pay/Comp Time Calculations" to be fifty-six hours. Plaintiff's overtime hours earned at one-half rate were calculated by the Form to be ten, and his overtime hours earned at three-fourths rate were calculated by the Form to be six. The Form calculated his total overtime hours earned to be sixteen, rather than twenty-eight. For that week, defendants paid plaintiff $33.50 per hour, his regular rate of pay, for fifty-six hours.

## DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT

38.     The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates at the time of hire and also on or before February 1st of each subsequent year of employment, and with an accompanying wage statement each time employees are paid.

39.     Defendants paid plaintiff without providing an accurate wage statement listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

40.     Plaintiff was never given a notice, either at the time of hire or on or before February 1st of each subsequent year of employment, as required by Section 195 of the New York Labor Law, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

6

the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

41. Plaintiff repeats and realleges paragraphs 1 through 40 as if fully set forth herein.

42. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiff.

43. Defendants were required to pay plaintiff one and one-half (1½) times the regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

44. Defendants failed to pay plaintiff the overtime wages to which he was entitled under the FLSA.

45. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages.

46. Due to defendants' violations of the FLSA, plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

47. Plaintiff repeats and realleges paragraphs 1 through 46 as if fully set forth herein.

48. Defendants are employers within the meaning of NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiff.

49. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff one and one half (1 ½) times the regular rate of pay for all hours he worked in excess of forty.

50. Defendants failed to pay plaintiff the overtime wages to which he was entitled under the NYLL.

51. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff overtime wages.

52. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

53. Plaintiff repeats and realleges paragraphs 1 through 52 as if fully set forth herein.

54. Defendants violated NYLL § 195(1) by failing to furnish plaintiff, at the time of hiring and on or before February 1st of each subsequent year of employment, with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if

different; the telephone number of the employer, and anything otherwise required by law.

55.   Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

56.   Defendants violated NYLL § 195(3) by failing to furnish plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

57.   Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $100 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a.   declaring that defendants have violated the overtime provisions of the FLSA and the NYLL;

b.   declaring that defendants violated the notice provisions of the Wage Theft Prevention Act;

      c.      declaring that defendants' violations of the FLSA and NYLL were willful;

      d.      enjoining future violations of the FLSA and NYLL;

      e.      awarding plaintiff damages for unpaid overtime wages;

      f.      awarding plaintiff liquidated damages as a result of defendants' failure to furnish a notice at the time of hiring pursuant to the NYLL;

      g.      awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

      h.      awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

      i.      awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

      j.      awarding plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

      k..      awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 10, 2014

BERKE-WEISS & PECHMAN LLP

By: _____
Louis Pechman
Roberto Concepción, Jr.
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@bwp-law.com
concepcion@bwp-law.com
*Attorneys for Plaintiff*